IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH MORRIS CREAR, § | |
| § | |
| Movant, § | |
| § | No. 3:19-cv-02108-L (BT) |
| v. § | No. 3:17-cr-00416-L-10 |
| § | |
| UNITED STATES of AMERICA, § | |
| § | |
| Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Keith Morris Crear, a federal prisoner, filed a *pro se* motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255. The District Court referred the resulting civil action to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the Court should deny Crear's § 2255 motion.

**Background**

Crear and several codefendants were named in a second superseding indictment filed on April 11, 2018. He was arrested on May 4, 2018, and that same day, had a detention hearing and was ordered detained pending trial.

On August 7, 2018, Crear pleaded guilty to interference with commerce by robbery and aiding and abetting in violation of 18 U.S.C. §§ 1951(a) and 2. And on April 1, 2019, the Court sentenced him to 84 months' imprisonment and ordered

1

him to pay $3,000.00 in restitution. Crear did not appeal his case to the Fifth Circuit Court of Appeals.

Crear subsequently filed two motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A) due to alleged extraordinary and compelling reasons (CR ECF Nos. 489, 492)[1], but the Court denied both motions (ECF Nos. 490, 497). Then, on December 16, 2020, Crear filed a motion to have the Court recalculate his sentence. (CR ECF No. 499.) On February 16, 2021, the undersigned magistrate judge issued findings and conclusions with a recommendation that Crear's motion be denied as moot. (CR ECF No. 508.) Crear had 14 days to file any objections to the findings and conclusions.

Crear also filed a § 2255 motion, received on September 4, 2019, in which he argues:

(1) his attorney provided ineffective assistance of counsel by failing to object on his behalf and at his request;

(2) his attorney provided ineffective assistance of counsel by failing to give him a copy of the plea agreement, lying to him, and being dishonest about the sentence he would receive;

(3) his attorney provided ineffective assistance of counsel by failing to argue that he was given an incorrect base offense level and failing to argue for a reduction in his base offense level; and

(4) his attorney provided ineffective assistance of counsel by inaccurately calculating his sentence under the United

---

[1] For purposes of these Findings, Conclusions, and Recommendation, "CR ECF" refers to the criminal docket, 3:17-cr-416-L-10, and "CV ECF" refers to the civil § 2255 docket, 3:19-cv-2108-L.

2

> States Sentencing Guidelines (U.S.S.G.) when advising him about the plea offer.

In its response, the Government argues: (1) Crear's claims that he received ineffective assistance at the pre-plea stage fail because has failed to allege prejudice and none is apparent from the record, and (2) his claims that he received ineffective assistance at sentencing fail because the claims are conclusory, and he has not shown deficient performance or resulting prejudice. The Government concludes that Crear's motion should be denied with prejudice.

## Legal Standards and Analysis

Each of Crear's four claims assert he received ineffective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense so gravely as to deprive him of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if he proves his counsel's performance was deficient, a movant must still prove prejudice. To prove prejudice, a movant must show "a reasonable probability that the result of the proceedings would have been different but for

counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

**1. Pre-Plea Claims**

In his second claim, Crear alleges that his attorney provided ineffective assistance of counsel by failing to give him a copy of the plea agreement and lying to him about the sentence he would receive. Crear also alleges in his fourth claim that his attorney provided ineffective assistance of counsel by inaccurately calculating his sentence under the Sentencing Guidelines when advising him about the Government's plea offer.

Because Crear's conviction was the result of a guilty plea, the issue is "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S 52, 58-59 (1985) (applying the two-pronged *Strickland* standard "to challenges to guilty pleas based on ineffective assistance of counsel"). This means that a movant alleging ineffective assistance of counsel where there was a guilty plea "must prove not only that his attorney actually erred, but also that he would not have pled guilty but for the error" and "would have insisted upon going to trial." *Armstead v. Scott*, 37 F.3d 202, 206, 210 (5th Cir. 1994) (citing *Hill*, 474 at 52); *see also Young v. Spinner*, 873 F.3d 282,

4

285 (5th Cir. 2017). The court's determination turns, at least in part, on "a prediction of what the outcome of a trial might have been." *Armstead*, 37 F.3d at 206.

In his second claim, Crear alleges that his attorney failed to give him a copy of the plea agreement and was dishonest to him about the sentence he would receive, but he fails to allege that this somehow prejudiced him. Crear does not show that if not for his attorney's allegedly deficient performance, he would not have pleaded guilty and would have insisted on going to trial. *See id*. This deficiency is fatal to Crear's claim because, under the two-pronged *Strickland* standard, a movant must affirmatively demonstrate prejudice. *See Strickland*, 466 U.S. at 693. Because Crear fails to allege any prejudice, he altogether fails to "affirmatively prove prejudice." *See id*. Crear makes an insufficient showing on the prejudice prong of *Strickland*, so this Court need not address whether his attorney provided deficient performance. *See Armstead*, 37 F.3d at 210 ("A court need not address both components of the [*Strickland*] inquiry if the defendant makes an insufficient showing on one.").

In addition, the record in this case is inconsistent with a finding of perceived prejudice. At his rearraignment hearing, held on August 7, 2018, Crear, who was under oath, informed the Court that he had he had enough time to talk with his attorney about his case, and he was satisfied with her representation. (CR ECF No. 462 at 6.) With respect to the plea agreement and the plea agreement supplement,

Crear stated that he "read these papers and discuss[ed] them with [trial counsel] before [he] signed them." *Id.* 12.

"Solemn declarations in open court carry a strong presumption of verity," which create a "formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *see also United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). In the Fifth Circuit, great weight is afforded "to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). When a § 2255 movant brings a claim that is at odds with his sworn testimony, he must independently corroborate his allegations. *United States v. Gonzalez*, 139 F.3d 899, 1998 WL 127868, at *2 (5th Cir. 1998) (per curiam).

Crear's sworn statements at his rearraignment hearing are entitled to a strong presumption of verity. Moreover, these statements undercut any claim that Crear would not have pleaded guilty and gone to trial if his attorney had provided him with copies of the plea agreement and been honest about the sentence he would receive. Accordingly, Crear's second claim must fail.

Crear's fourth claim fails for the same reason. Crear does not allege that he would not have pleaded guilty and gone to trial if his attorney had given a better prediction of his advisory guideline range. Because he fails to allege prejudice, this *Strickland* claim must fail, and he is not entitled to relief on his fourth claim. After all, in his plea agreement and at his rearraignment hearing, Crear admitted: (1) he

6

understood that the Sentencing Guidelines were only advisory; (2) the District Court's calculation of his advisory guideline range could not be predicted with any certainty prior to sentencing; and (3) regardless of the sentence recommended by the Sentencing Guidelines, the District Court had the discretion to impose any term of imprisonment, so long as it did not exceed 20 years, the statutory maximum sentence. (CR ECF No. 316 at 3 ¶ 5; CR ECF 462 at 8-10; PSR ¶ 92.) Because Crear was aware of each of these facts, he cannot demonstrate he would have insisted on going to trial if his attorney had given a better prediction of his advisory guideline range. Therefore, Crear's fourth claim must fail.

**2. Sentencing Claims**

In his first claim, Crear allege that he asked his attorney to object to the gun enhancement, but she failed to do so. Crear claims that he neither possessed nor owned a gun, and at sentencing, the District Court inquired why his attorney failed to object to the gun enhancement. Crear alleges in his third claim that his attorney provided ineffective assistance of counsel by failing to make an objection to his base offense level. He specifically contends that his attorney should have challenged the six-level gun enhancement under U.S.S.G. § 2B3.1(b)(2)(B).

Crear argues that he was not physically present at the robbery. Reply 1 (ECF No. 18). Consistent with this, at sentencing Crear's attorney argued, "Crear was not at the location when the gun was used or pointed at the victim at that Motel 6." (CV ECF No. 11 at 9.) The District Court responded that it understood that Crear "was not present physically at [the] robbery." *Id.* Ultimately, however, the District Court

7

applied the six-level gun enhancement to Crear because his coconspirator, Charles Lampkins, used a firearm during the robbery at Motel 6. PSR ¶ 32 (noting that during the Motel 6 robbery, the victim was held at gun point and told not to touch anything or call anyone to respond to the location); (CR ECF No. 424 (adopting the PSR and addendum without changes).

Crear argues that he "had no knowledge a gun would be used during [the] course of the crime and shouldn't have been held liable for possession and or brandishing." Reply 1 (ECF No. 18). However, the District Court did not err in applying U.S.S.G. § 2B3.1(b)(2)(B) to Crear at sentencing. "Relevant conduct," for purposes of determining the guideline range, refers to "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." *United States v. Burton*, 126 F.3d 666, 679 (5th Cir. 1997) (quoting U.S.S.G. §1B1.3(a)(1)(B) and finding that given the violent nature of bank robbery, the use of a firearm by a coconspirator was "reasonably foreseen"). Therefore, Crear was responsible for his coconspirator's use of a gun during a robbery, even if he did not personally possess the gun. *See Burton*, 126 F.3d at 679; *see also United States v. Jordan*, 945 F.3d 245, 263-64 (5th Cir. 2019) (finding that use of the firearm by a coconspirator was "reasonably foreseeable," and the district court did not err in applying a six-level enhancement for the use of a firearm).

The record reveals that Crear planned the February 10, 2017 robbery of a Motel 6 in Plano, Texas. (CR ECF No. 245 at 2.) During the robbery, while Charles Lampkins kept the victim at gun point, Lampkins told the victim not to touch

8

anything or call anyone to respond to the location. PSR ¶ 15. Lampkins then ordered the victim to his knees while Lampkins and Trailous Devoyous Adley fled the scene. *Id.* Given that Crear planned the Motel 6 robbery, it was reasonably foreseeable to him that one of his coconspirators would bring and use a firearm. *See Burton*, 126 F.3d at 679 (affirming the district court's application of the six-level sentencing enhancement where the defendant did not physically possess the gun but was held responsible "given the nature of bank robbery"). In sum, the District Court properly applied U.S.S.G. § 2B3.1(b)(2)(B), and any objection by Crear's attorney to its application would have been meritless. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (failure to raise a meritless argument cannot support an ineffective assistance of counsel claim); *see also United States v. Israel*, ___ F. App'x ___, 2020 WL 7658421, at *9 (5th Cir. 2020) (trial counsel's failure to raise a meritless argument cannot form the basis for an ineffective assistance of counsel claim because the result of the proceeding would not have been different if counsel had raised the issue) (citing *Kimler*, 167 F.3d at 893).

      Crear claims that his case is similar to *Rosemond v. United States*, 572 U.S. 65 (2014), and he contends that his attorney provided ineffective assistance of counsel by failing to reference the case at sentencing in relation to the gun enhancement. Reply 2 (ECF No. 18). In *Rosemond*, the Supreme Court held that in the prosecution for aiding and abetting a violation of 18 U.S.C. § 924(c), the Government must prove that the defendant had "knowledge that a confederate

would use or carry a gun during the crime's commission." 572 U.S. at 67. Crear's case is distinguishable from *Rosemond* because he was not convicted of aiding and abetting in violation of § 924(c). Therefore, referencing the case would have been a meritless argument for his attorney to make regarding the gun enhancement in this case.

Crear's remaining claims must fail because they are too conclusory. Crear alleges in his first claim that his attorney failed to object to the gun enhancement. In his third claim, Crear alleges that sentencing counsel failed to make any other objections to his "incorrect" base offense level and argue for a reduction in his base offense level, but he does not state what objections or arguments should have been made or why those objections or arguments would have been meritorious. Mot. 6 (CV ECF No. 1). Similarly, Crear alleges that his attorney failed "to object to [his] incorrect base offense level" and "argue for a reduction," however, he fails to suggest why his base offense level was inaccurate. *Id*. Additionally, he does not explain what objection counsel should have made or how his attorney's failure to raise that objection was prejudicial to him. *See id*.

Although *pro se* filings are liberally construed, this does not mean the Court must develop the arguments on behalf of the litigant. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) ("[M]ere conclusory allegations on critical issues are insufficient to raise a constitutional issue."). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding."

*Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)); *see also Lookingbill v. Cockrell*, 293 F.3d 256, 263 (5th Cir. 2002) (noting that where a habeas petitioner fails to brief an argument adequately, it is considered waived). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge*, 431 U.S. at 74.

Crear makes conclusory allegations of ineffective assistance of counsel in his remaining claims, and they should be summarily rejected as legally insufficient to state a claim of ineffective assistance of counsel. *See United States v. Smith*, 945 F.3d 860, 865 (5th Cir. 2019) (affirming the trial court's denial of ineffective assistance of counsel claims where "Smith provide[d] no argument, evidence, or authority to support this claim of ineffective assistance of counsel.").

## Recommendation

For the foregoing reasons, the Court should DENY the motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255.

Signed March 15, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).